11-1001
Ye v. Holder

BIA
Schoppert, IJ
A098 718 081
A098 718 307

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> *Circuit Judges.*

_____

FANG YE, BO XIN CHEN,
> *Petitioners,*

v.                                          11-1001
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:     Troy Nader Moslemi, New York, New York.

07162014-B1-2

**FOR RESPONDENT:**        Stuart F. Delery, Assistant Attorney General; Douglas E. Ginsberg, Assistant Director; Nicole Prairie, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Fang Ye and Bo Xin Chen, natives and citizens of the People's Republic of China, seek review of a March 2, 2011, decision of the BIA, affirming the June 2, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fang Ye, Bo Xin Chen*, Nos. A098 718 081, A098 718 307 (B.I.A. Mar. 2, 2011), *aff'g* Nos. A098 718 081, A098 718 307 (Immig. Ct. N.Y. City June 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The

applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), *superseded by statute,* REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, *as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

**I.   Past Persecution**

In pre-REAL ID Act cases, such as this case, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding," and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida-Rosales,* 331 F.3d at 307-08 (internal quotation marks and citations omitted). Substantial evidence supports the agency's determination that petitioners were not credible as to their claim that family planning officials had forced Ye to use an intrauterine device ("IUD") and had detained Chen for resisting enforcement of China's coercive population control program.

Ye testified several times that she was coerced into obtaining an IUD in September 2000, but later twice stated

07162014-B1-2                3

that she obtained the IUD in August 2000 and indicated that the September 2000 date on her corroborating government-issued IUD certificate did not reflect the correct date.  In addition, Ye and Chen testified inconsistently as to whether Chen was at work, at home, or on his motorbike when family planning officials detained him.  Chen further made discrepant statements regarding whether he saw the object that officials used to harm him while he was detained. Petitioners did not provide compelling explanations for these inconsistencies.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Because these inconsistencies related to the heart of petitioners' claim of past persecution, the agency's adverse credibility determination is supported by substantial evidence.  *See Secaida-Rosales*, 331 F.3d at 307-08; *see also Liang Chen v. U.S. Attorney Gen.*, 454 F.3d 103, 106-07 (2d Cir. 2006).

**II.  Well-Founded Fear of Persecution**

For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's determination that petitioners failed to demonstrate their eligibility for relief based on their fear

of future persecution for their alleged violation of China's coercive population control program. *See id.* at 158-72.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk